## In re CROWELL.

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–50298.

Decided Feb. 9, 1994.

*Lawrence Crowell, Jr.*, pro se.

*Lee Fisher*, Attorney General, for the state.

RUSSELL LEACH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the September 22, 1993 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which granted an award of reparations in the amount of $2,395.10 for unreimbursed allowable expenses. This award was subject to two assignments in the amount of $1,334 to Dr. William Murtaugh and $915.50 to Mercy Hospital, resulting in the remainder of the judgment ($145.60) being paid directly to the applicant.

In his brief and at the oral hearing, the assistant attorney general argued that the panel of commissioners' decision was erroneous and that the single commissioner was misguided when finding that the assignment to Mercy Hospital in the amount of $915.50 substantially complied with R.C. 2743.66(E). The basis of the argument of the Attorney General was that the claimant/responsible party did not provide a date when the assignment form was executed. The Attorney General further argued that precedent for this argument is established by *In re O'Donnell* (1988), 61 Ohio Misc.2d 308, 578 N.E.2d 904, where an assignment was found to be invalid and unenforceable where it was "not signed or dated by an assignor nor attested to by a witness."

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part, the following:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

R.C. 2743.66(E) provides in pertinent part the following:

"An assignment or agreement to assign a right to an award of reparations is unenforceable, except that an assignment of a right to receive payment of all or

any part of an award of reparations *shall* be enforceable and *shall* be honored by a single commissioner or a panel of commissioners, if all of the following apply:

" * * *

"(4) The assignment delivered to the attorney general appears on a separate document the exclusive subject of which is 'assignment of a right to payment of all or part of an award of reparations' and which is duly signed and *dated* by the assignor and attested by one or more witnesses * * *." (Emphasis added.)

The undated assignment form to Mercy Hospital in the amount of $915.50 was prepared and apparently disbursed by the Crime Victim Services Section of the Attorney General's Office. In the lower left hand corner of the form, in close proximity to the signature section, the following information is provided:

"PLEASE NOTE: This Assignment is not valid unless it is signed by the Claimant/Responsible Party and at least one witness. It must be submitted to the Attorney General before he files his recommendation on the claim."

It is interesting to note that while this section of the form places emphasis on the need for signing by the claimant/responsible party and a witness, it neither emphasizes nor makes a specific reference to or reminder of the need for a date of execution.

This matter is certainly distinguishable from *In re O'Donnell* because, in the case at bar, the only missing element is the date of execution by the claimant. In *O'Donnell,* the claimant did not sign or date the form or have it witnessed, indicating that the only party signing the form was the assignee or provider. There would appear to be no intention by the claimant in *In re O'Donnell* to enter into an assignment arrangement with the provider of services.

In this specific claim file, there is no doubt that the claimant was in agreement with the assignment of payment to the provider and all parties voluntarily entered into the agreement. Further, the assistant attorney general argued that the mandatory term "shall" in R.C. 2743.66(E) is clear and unambiguous and therefore a missing date of execution by the claimant would invalidate the assignment. However, the use of "shall" as permissive may appear from the spirit or purpose of a statute, or from the connection in which it is used or the relation into which it is put with other parts of the same statute. 85 Ohio Jurisprudence 3d (1988) 47–48, Statutes, Section 30.

Upon review of the file, and with consideration given to the intent of the Victims of Crime Program to recompense those claimants or assignees for their losses, the court finds that the panel of commissioners was not arbitrary in finding that the assignment to Mercy Hospital in the amount of $915.50 should be enforceable.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was reasonable and lawful. Therefore, this court affirms the decision of the three-commissioner panel.

*Judgment affirmed.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.